IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Richardson, #277898, ) | C/A No.: 1:15-1328-GRA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| County of Greenville; Vandermosten, ) | REPORT AND RECOMMENDATION |
| Assistant County Administrator; ) | |
| Scotti Bodifer, Operations ) | |
| Administrator; Tracy Krein, Medical ) | |
| Administrator; Katie Barnes, Clinical ) | |
| Supervisor; and Nurse McMurray, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Kelvin Richardson ("Plaintiff"), proceeding pro se and in forma pauperis, is a pre-trial detainee incarcerated at the Greenville County Detention Center ("GCDC"). He filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff sues Greenville County, Assistant County Administrator Vandermosten, Operations Administrator Scotti Bodifer, Medical Administrator Tracy Krein ("Krein"), Clinical Supervisor Katie Barnes ("Barnes"), and Nurse McMurray ("McMurray") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff claims that he was subjected to an unwarranted tuberculosis ("TB") titer on January 27, 2015, after informing McMurray that he had a past history of "a positive reaction and being in receipt of the required six months treatment." [ECF No. 1 at 3]. Plaintiff states that he filed a grievance on January 31, 2015, and that Barnes responded on February 2, 2015, stating that clinical records did not indicate an administration of a TB titer to Plaintiff. *Id.* Plaintiff alleges that Barnes told him that she would issue him Benadryl to combat the itching side effects common with a TB titer. *Id.* Plaintiff alleges that another 72 hours passed without his having been examined or treated and he filed a medical inquiry on February 5, 2015, with Kayla Neves ("Neves"). *Id.* Plaintiff claims that Neves immediately ordered Benadryl to combat itching. *Id.*

Plaintiff alleges that he was denied an examination despite complaints of unusual aches, discomforts, and altered mobility. *Id.* at 4. Plaintiff alleges that the "CDC and AMA states per protocol, any person . . . who has a positive reaction to a T.B. shot should not be given any additional shots . . . due to the possibility of adverse reactions but should be xrayed." *Id.* at 5. Plaintiff states that on February 17, 2015, he met with Krein regarding his complaint and Krein refused to acknowledge any wrongdoing by her department staff. *Id.* Plaintiff claims that he expressed to Krein his concerns about the possibility that he may not be able to work and support his family and the pain he was enduring. *Id.* Plaintiff alleges that Krein informed him "that his pain management assessment for pre-existing ailments would suffice for injuries and or pain that T.B. titer rendered." *Id.* at 6. Plaintiff claims that Krein was disrespectful and aggressive, and

Plaintiff requested that he be allowed to return to his assigned area. *Id.* at 5. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 7.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff complains that he was improperly given a TB titer, that he was denied an examination or treatment, and that he was not given an additional pain management assessment "for injuries or pain the T.B. titer rendered." [ECF No. 1 at 3–6]. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to indicate that any of the purported side effects that he experienced as a result of the TB titer constituted a serious medical condition. Further, Plaintiff states that he spoke with medical staff on at least three occasions concerning his medical issues, and that medical staff ordered Benadryl to combat itching. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. Plaintiff's belief that he should have received additional or different treatment does not constitute deliberate indifference to his serious medical needs. *Thomas*

4

*v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Further, a disagreement as to the proper treatment does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary).  Plaintiff's medical indifference claim is subject to summary dismissal.

To the extent Plaintiff also alleges a claim of negligence and medical malpractice, the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73, 74 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). Because Plaintiff has not stated a claim of constitutional magnitude pursuant to § 1983 and has failed to allege any other basis for the court's jurisdiction, the court is without jurisdiction to consider Plaintiff's state law claims. Accordingly, Plaintiff's negligence and medical malpractice claims are also subject to summary dismissal.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 15, 2015  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).